**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10395 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00267-KJD-PAL-2 |
| v. | |
| CARMEN DENISE MOSLEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Submitted November 16, 2015[**]
San Francisco, California

Before: O'SCANNLAIN and M. SMITH, Circuit Judges, and MORRIS,[***] District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Brian M. Morris, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

Carmen Mosley appeals her 57-month prison term, the $1,172,000 in restitution she was ordered to pay, and the district court's order that she forfeit all of the criminal proceeds obtained by the conspiracy of which she was a part, an amount totaling $2,145,014.50.

## I

The "courts of appeals must review all sentences . . . under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Id.* at 46. A sentence "will usually be reasonable" if it falls within the range recommended by the Sentencing Guidelines. *United States v. Carty*, 520 F.3d 984, 994 (2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

District courts enjoy "broad discretion" when they sentence offenders. *E.g.*, *United States v. Booker*, 543 U.S. 220, 233 (2005). Nevertheless, sentencing judges must consider a handful of factors in the course of doing so. *See* 18 U.S.C. § 3553(a). For one, courts "shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Mosley concedes that her 57-month sentence fell within her correctly calculated Guidelines range. It was not unreasonable for the district court to give Mosley such a sentence while also giving her co-defendant, Zulfiya Karimova, a much lighter one. The most straightforward reason is that Mosley and Karimova are not similarly situated offenders, so the gap between their sentences does not suggest that the district court was indifferent to unwarranted disparities.

Unlike Mosley, Karimova cooperated with the government and played a key role in its investigation, pled guilty, and testified at Mosley's trial. These circumstances triggered a Guidelines range of 12–18 months for Karimova, in stark contrast to the 57–71 months recommended for Mosley. Moreover, the district court found that Karimova demonstrated compelling family circumstances that justified giving her a below-Guidelines sentence. None of the above could be said for Mosley. In short, the record reflects that the district court was far from inattentive to unwarranted disparities. Instead, the court here took seriously "the need to avoid unwarranted *similarities* among other co-conspirators who were not similarly situated." *Gall*, 552 U.S. at 55.

Moreover, because "the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *See id.*

3

## II

### A

We decline to review Mosley's evidentiary challenge to the amount of restitution she was ordered to pay because Mosley clearly waived such challenge. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). Waiver applies because Mosley was "aware of" and "knew of" the error she now seeks to redress for the first time on appeal, and explicitly abandoned her objection before the district court. *See id.*

Not only did Mosley not object to the restitution amount the district court imposed, but at her sentencing hearing she affirmatively, repeatedly, and unequivocally agreed to it. What is more, in court filings prior to sentencing Mosley indicated an intention to raise the exact same evidentiary argument she presses now, but then expressly relinquished it when asked by the district court.

### B

A restitution amount violates the Eighth Amendment if it is "grossly disproportional to the crime committed." *United States v. Dubose*, 146 F.3d 1141, 1145 (9th Cir. 1998). Here, "because the full amount of restitution is inherently linked to [Mosley's] culpability," the restitution order requiring her to compensate the conspiracy's victims in the full amount of their loss is not excessive. *Id.*

Moreover, "an Eighth Amendment gross disproportionality analysis does not require an inquiry into the hardship [restitution] may work on the offender," *id.*, and thus, Mosley's likely inability to pay the order is irrelevant. Finally, Mosley cites nothing to support her argument that restitution may become unconstitutional when coupled with a prison term.

III

A

Federal law mandates that if an offender is convicted of violating, or conspiring to violate, 18 U.S.C. § 1344, the court "shall order" such offender to "forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of" his crime. 18 U.S.C. § 982(a)(2). Curiously, "forfeiture" may extend to property no longer in existence and sometimes even to property the defendant never actually possessed, a counter-intuitive interpretation made by prior precedent. *See United States v. Newman*, 659 F.3d 1235, 1241–45 (9th Cir. 2011). The district court did not err in ordering Mosley to forfeit the entire amount of the conspiracy's illegal proceeds.

Mosley's challenge is foreclosed by *Newman*, which held that "[f]or purposes of criminal forfeiture, the 'proceeds' of a fraudulently obtained loan equal the amount of the loan. Moreover, [where an offender] enter[s] into a

conspiracy, the 'proceeds' of *his* crime equal the total amount of the loans obtained by the conspiracy as a whole." *Id.* at 1244 (internal citations omitted) (emphasis added).

Under *Newman*, Mosley may be ordered to forfeit up to the entire amount of the loans she and her co-conspirators obtained by defrauding the banks. It makes no difference that Mosley's role was not particularly lucrative, or that she may not have enjoyed all of the loan proceeds personally; *Newman* squarely holds that, for purposes of the criminal forfeiture statute, she "obtained" the entire amount by virtue of her role in the conspiracy to obtain such amount.

Mosley derives no help from Judge Berzon's remarks in her concurring opinion in *United States v. Davis*, 706 F.3d 1081, 1085 (9th Cir. 2013) (Berzon, J., concurring). The crucial difference between Davis and Mosley is that the money Davis laundered arguably did not represent "proceeds" of the conspiracy he entered. Davis was not alleged to have conspired to "obtain" the stolen money, but only to have laundered it after other people had acquired it through crimes he had nothing to do with. *Id.* at 1082 (majority opinion). Mosley, by contrast, *did* "obtain" and "possess" the entire amount of the loan proceeds because she joined in a *conspiracy to obtain* such proceeds. The question of how much of the proceeds Mosley "obtained" or "possessed" is not an evidentiary question;

6

possession of the entire amount is attributed to her by operation of law because she joined in a conspiracy to obtain it. That is the holding of *Newman*, and Judge Berzon's concurrence in *Davis* does not call it into question.

B

Mosley's evidentiary challenge to the amount of the forfeiture order is baseless. The government submitted voluminous trial exhibits that more than substantiate the requested forfeiture amount. Moreover, Mosley consented to the admission of such exhibits, and at her sentencing hearing she never contested the evidentiary basis for the proposed order. The district court committed no error by declining to say more on the subject.

C

Mosley's forfeiture order was imposed against her personally at sentencing and is therefore subject to the Excessive Fines Clause of the Eighth Amendment. *United States v. Beecroft*, — F.3d —, No. 12-10175 (9th Cir. 2016). Mosley raised an Excessive Fines Clause objection in the district court. At the time of her sentencing, however, our Circuit's case law was not clear as to whether the Eighth Amendment applies to criminal forfeiture orders like hers. *Compare United States v. Real Property Located at 22 Santa Barbara Drive*, 264 F.3d 860, 874 (9th Cir. 2001) (suggesting broadly that Eighth Amendment does not apply to proceeds forfeitures), *with United States v. 3814 NW Thurman Street*, 164 F.3d 1191,

1197–98 (9th Cir. 1999) (holding that Eighth Amendment does apply at least to civil *in rem* proceeds forfeitures).  Perhaps given such uncertainty, the district court appears not to have considered Mosley's Eighth Amendment objection before imposing her forfeiture order.  In our more recent decision in *Beecroft*, however, we clarified that the Eighth Amendment does indeed apply to *in personam* criminal proceeds forfeiture orders like the one imposed against Mosley. *Beecroft*, — F.3d at __.  We therefore vacate Mosley's forfeiture order so that the district court can undertake an excessiveness analysis in the first instance.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**